**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| AZALEE C. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 9:22-cv-01624-DCN |
| vs. ) | |
| ) | **ORDER** |
| ALFREDO RULLO, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on plaintiff Azalee C. Brown's ("plaintiff") motion to remand, ECF No. 7. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

This case arises out of a motor vehicle collision that occurred on September 7, 2018, in Jasper County, South Carolina. Plaintiff was traveling in the southbound lane on Whyte Hardee Boulevard in Hardeeville, South Carolina at around 8:38 p.m. on September 7, 2018. Defendant Alfredo Rullo ("Rullo")[1] was traveling in the southbound lane on Whyte Hardee Boulevard at the same time. The complaint alleges that Rullo attempted to make an improper lane change and struck plaintiff's vehicle, resulting in serious injuries to plaintiff. The traffic collision report prepared by the responding officer stated that Rullo's address was 3 B Crabtree Court, Palm Coast, Florida. ECF No. 7-3.

It is undisputed that Rullo passed away on June 1, 2019. ECF No. 1-1 at 27; ECF No. 9 at 9. Not knowing that Rullo was deceased, plaintiff filed a complaint in the Jasper

---

[1] The court refers to defendant as "Rullo" (as opposed to the Estate or Harry C. Brown) in this order in alignment with the parties' briefs and to distinguish the Estate Action, which was specifically filed against Harry C. Brown, as special administrator.

1

County Court of Common Pleas on January 29, 2021, alleging a negligence claim against Rullo (the "State Court Action"). ECF No. 1-1, Compl. On February 5, 2021, plaintiff attempted to serve Rullo via a process server at his address but was unsuccessful. ECF No. 7-2. Pursuant to S.C. Code Ann. § 15-9-350, plaintiff then served the summons and complaint to the director of the South Carolina Department of Motor Vehicles ("SCDMV"). ECF No. 7-11. SCDMV sent a copy of the summons and complaint by certified mail to Rullo's address at 3 B Crabtree Court, Palm Coast, Florida. Efforts to locate Rullo continued to be unsuccessful, and on August 24, 2021, the Jasper County clerk of court issued an order of publication ordering that the summons for the lawsuit be published once a week for three consecutive weeks in a newspaper of general circulation in Rullo's last known county. ECF No. 7-5. A copy of the summons was published in the Daytona Beach News-Journal on September 3, 10, and 17, 2021. ECF No. 7-6.

On December 13, 2021, Rullo's attorneys filed a motion to dismiss or, in the alternative, motion for summary judgment. ECF No. 7-7. The motion revealed that Rullo passed away in Alachua County, Florida on June 1, 2019. Id. at 1. Judge Carmen T. Mullen of the Jasper County Court of Common Pleas denied the motion. ECF No. 1-1 at 69. On April 7, 2022, Rullo's attorneys filed a motion to alter or amend, ECF No. 1-1 at 75–85, but before Judge Mullen ruled on the motion, Rullo's attorneys removed the action to this court on May 23, 2022, ECF No. 1.

On March 24, 2022, plaintiff filed a separate action in the Jasper County Court of Common Pleas against Harry C. Brown, as special administrator for the Estate of Alfredo Rullo (the "special administrator"). ECF No. 7-8. On April 22, 2022, plaintiff served the special administrator with the summons and complaint for that case, bearing Civil Case

No. 2022-CP-27-00135 (hereinafter, the "Estate Action"). On May 31, 2022, plaintiff filed a motion for leave to amend the complaint or, in the alternative, to consolidate the Estate Action with the instant action. At the time of this order, Judge Mullen has not ruled on that motion, and the Estate Action remains in state court.

In the instant action, plaintiff filed a motion to remand to state court on June 8, 2022. ECF No. 7. Rullo responded to the motion on June 22, 2022, ECF No. 9, and plaintiff replied on June 29, 2022, ECF No. 10.[2] As such, the motion has been fully briefed and is now ripe for review.

## II. STANDARD

Federal courts are of constitutionally limited jurisdiction. "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper," In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retained state court jurisdiction, Baxley v. Advance Auto Parts, Inc., 2011 WL 586072 at *1 (D.S.C. Feb. 9, 2011) (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). Because removal raises significant federalism concerns, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim

---

[2] Rullo also filed a motion for summary judgment on May 23, 2022. ECF No. 4.

arises under federal law, see 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizen of different states, see 28 U.S.C. § 1332.

### III.   DISCUSSION

Plaintiff bases her motion to remand on two alternative theories: (1) that the court does not have jurisdiction over her claim because the amount in controversy does not exceed $75,000, and (2) that Rullo's removal is untimely. Although plaintiff relies on both 28 U.S.C. § 1446(b)(1) and 28 U.S.C. § 1446(c)(1) to argue untimeliness, the motion is more easily and accurately resolved under § 1446(b)(1). The court remands this action on that basis without addressing the one-year-rule or amount-in-controversy. Finding that remand is proper, the court then addresses Brown's request for attorneys' fees.

#### A.  Thirty-Day Rule

The right of a defendant to remove a case to federal court is derived solely from 28 U.S.C. § 1441. A defendant can waive his right to removal by failing to comply with the removal procedures prescribed by 28 U.S.C. § 1446. A defendant seeking to remove a case must file his notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Where a case is not initially removable but later becomes removable, a notice of removal may be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be

ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Under § 1446(b), the thirty-day removal clock begins to run when a defendant receives a pleading, motion, or other paper that reveals "on its face" a basis for federal jurisdiction. In Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997), the Fourth Circuit ruled that courts need not inquire into the subjective knowledge of the defendant but instead should "rely on the face of the initial pleading and on the documents exchanged" by the parties to determine when the defendant had notice of the grounds for removal. Here, plaintiff filed the summons and complaint in the State Court Action on January 29, 2021. Rullo did not remove the action until May 23, 2022. Rullo contends that this case is removable based on diversity jurisdiction, ECF No. 1 at 3, but plaintiff did not amend her complaint after it was first filed in state court. Therefore, if the court were to find that the case is removable based on diversity jurisdiction, the case would have been removable on the face of the pleading. In short, Rullo sought to remove the action 479 days after the complaint was filed and, as the court discusses below, Rullo had notice of the complaint and its eligibility for removal under diversity jurisdiction well beyond the thirty-day removal window as well.

To get around waiver under § 1446(b)(1)'s deadline, Rullo argues that plaintiff was required to bring this suit under S.C. Code § 15-5-130. That statute provides that when a nonresident who caused injuries while operating a motor vehicle on the public highways of South Carolina is deceased, any interested person may apply to the probate court for the appointment of a personal representative of the deceased wrongdoer, and upon such appointment, may commence an action against the personal representative.

S.C. Code § 15-5-130. Rullo further contends that as of the date of his filing, plaintiff has failed to prove that she properly commenced suit and effectuated proper service under § 15-5-130 because the section provides that service of process must be made upon the personal representative, and a copy of process should be mailed to the address of the deceased person. Id.

Rullo's argument is unavailing. Rullo, in essence, seeks to have this court rule on the substance of the complaint by finding that it was improperly filed in light of S.C. Code § 15-5-130. But as a matter of procedure, there is no reason at all why Rullo could not have removed this action earlier to have this court test the sufficiency of the complaint under that basis. Rullo somehow reads an exception into either the statutory rules or the Federal Rules of Civil Procedure that allows a litigant to delay under § 1446(b) if he believes the action was not properly filed. But no such rule exists. To the extent that Rullo argues that plaintiff should have initiated the Estate Action as the proper channel to settle this dispute, that argument similarly has no import on whether removal is proper here. See Wisconsin v. Amgen, Inc., 516 F.3d 530, 533 (7th Cir. 2008) (explaining that the "language of section 1446(b) . . . refers, as most cases hold . . . to pleadings, etc., filed in the suit sought to be removed, not in some other suit"). As Rullo himself points out, the Estate Action is an entirely separate action. See ECF No. 9 at 1–2 ("The Plaintiff has filed two causes of action: Case No.: 2021-CP-27-00030 and Case No.: 2022-CP-27-00135. The first case, 2021-CP-27-00030 is the only one before this Court."). Rullo could have removed the State Court Action within thirty days of receiving notice of the pleadings and litigated whether it should be dismissed in favor of a properly-filed probate action. But Rullo did not. Instead, he filed a substantive motion

in state court—a motion to dismiss or, in the alternative, a motion for summary judgment—in an attempt to have the action dismissed by the state court judge. ECF No. 7-7. When the state court disagreed, Rullo apparently sought to remove the action to this court for a second bite at the apple.

To be sure, there is some lack of clarity as to when Rullo's attorneys received the initial pleading. But regardless of when the court ascribes the date of receipt to his attorneys, Rullo's removal is untimely even by the latest of possible dates. For example, the court could certainly find, as at least two other district courts have, that proper receipt of service may occur via publication for purposes of § 1446(b). See Hervill Grp. Corp. v. E-Trans Consulting Corp., 2014 WL 12887521, at *3 (D.P.R. Mar. 31, 2014) (holding that the defendants "were served with a copy of the complaint via publication on July 16, 2010" and because they did not file their notice of removal within thirty days from that service, the defendants' removal "was untimely"); Green Tree Servicing, LLC v. Williams, 2014 WL 2865905, at *2 (N.D. Ill. June 24, 2014) (explaining that the defendant was served via publication on November 29, 2013, and such service "was adequate to trigger Section 1446(b)(1)'s 30 day requirement"). Here, Rullo was served via publication on September 17, 2021 at the latest, ECF No. 7-6, but not did not file his notice of removal until May 23, 2022, ECF No. 1, which is 248 days later—well beyond the thirty-day limit.

But even if the court construes the facts in Rullo's utmost favor, Rullo was positively in receipt of the pleading by December 13, 2021, the date that his attorneys filed the motion to dismiss or, in the alternative, for summary judgment in the State Court Action. ECF No. 7-7. He did not file notice of his removal until 161 days later.

7

Miraculously, even if the court goes a step further and considers the date that plaintiff served the special administrator in the Estate Action as the date that Rullo's attorneys could ascertain removability in this matter—an unfathomable proposition—Rullo's removal would still be untimely. Plaintiff served the special administrator in the Estate Action on April 22, 2022, ECF No. 9 at 7, and Rullo did not file the notice of removal in this action until May 23, 2022—thirty-one days later.

In short, Rullo could have removed this action thirty days after receiving a pleading, motion, order, or other paper noticing the removability of the lawsuit and then filed his motion to dismiss in this court, instead of in state court. No matter which way the court slices it, Rullo failed to remove the case within thirty days of receipt of the initial pleading or of a paper that revealed a basis for federal jurisdiction. Accordingly, the court finds that removal was untimely on this basis alone and remands the case to the court where this action originated.

### B. Attorneys' Fees

Plaintiff also requests an award of attorneys' fees and costs. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 136 (2005); see also In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996) (citation omitted) (finding an award of attorneys' fees and costs appropriate under § 1447(c) where "'a cursory examination . . . would have revealed' a lack of federal jurisdiction"). Attorneys' fees are appropriate in a variety of situations, including untimely removal and

erroneous legal arguments, if the party seeking removal lacks an objectively reasonable basis for removal. See LaMotte v. Roundy's, Inc., 27 F.3d 314, 316 (7th Cir. 1994) (holding that an award under § 1447(c) is appropriate whether remand is based on jurisdictional defect or a defect in the removal procedure); Phillips v. Extra Space Mgmt., Inc., 2020 WL 571914, at *3 (W.D.N.C. Feb. 5, 2020) (holding that attorneys' fees may be appropriate for cases of "untimely removal, removal based on an erroneous legal argument, repetitive removals, and removal which greatly increases the cost and/or complexity of the case"). The decision to award fees is ultimately at the discretion of the court. 28 U.S.C. § 1447(c); Martin, 546 U.S. at 136.

Since the court did not reach the issue of whether the complaint plausibly alleges an amount in controversy that exceeds the jurisdictional threshold, the principal issue here is whether it was objectively reasonable for defendants to file their notice of removal even though it was untimely.

Due to the discretionary construct of 28 U.S.C. § 1447(c), district courts in the Fourth Circuit have reached different conclusions as to when awarding attorneys' fees is appropriate based on untimely notice of removal. For example, in one case, the Middle District of North Carolina awarded attorneys' fees based on a multitude of factors. McPhatter v. Sweitzer, 401 F. Supp. 2d 468, 479 (M.D.N.C. 2005). The court found that the notice of removal was untimely, that it was the second removal and based on substantially the same grounds the court rejected in the first removal, that there had been significant progress in the state proceedings, and that the defendant had a history of untimely removal—all of which provided a basis for awarding attorneys' fees. Id. Other courts in the Fourth Circuit have found that the award of attorneys' fees is not appropriate

9

when remand was based on solely on untimely notice of removal. See, e.g., Huber Tech., Inc. v. Gowing Contractors Ltd., 2019 WL 4491532, at *4 (W.D.N.C. Sept. 18, 2019); Phillips, 2020 WL 571914, at *3. In Huber Tech, the district court did not award attorneys' fees because it found that "absent an untimely notice of removal, removal would have been proper on the basis of diversity jurisdiction." 2019 WL 4491532, at *4. In Phillips, although the district court held that the "[d]efendant filed an untimely motion to remove and a responsible review of Plaintiff's claims should have revealed the diversity jurisdiction when Plaintiff first served [the] Defendant with her complaint," the court still found that attorneys' fees were inappropriate. Phillips, 2020 WL 571914, at *3.

Despite the court's skepticism as to Rullo's arguments, the court finds that awarding attorneys' fees is inappropriate. On one hand, 28 U.S.C. § 1446(b)(1) is unambiguous: the notice of removal must be filed within thirty days of receipt of the initial pleading, regardless of whether the defendant believes that the complaint is otherwise defective. A "cursory examination" of 28 U.S.C. §§ 1446(b)(1) and (b)(3) would have revealed that Rullo had long surpassed the thirty-day deadline for noticing removal. And there is no objectively reasonable basis for finding that Rullo was not in receipt of a pleading or other paper indicating that the case was removable, despite Rullo's subjective belief that plaintiff had yet to commence a proper suit pursuant to S.C. Code § 15-5-130.

On the other hand, unlike in McPhatter, Rullo did not amend his notice of removal to argue other issues before the court. Importantly, the untimely filing does not appear to have resulted in a substantial delay in the state court proceedings, particularly

because the Estate Action appears to be in its early stages. Furthermore, absent the untimeliness of the notice, the court finds it reasonably likely that the action would have otherwise been removable.[3] Therefore, the court denies plaintiff's request for an award of attorneys' fees.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to remand.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 17, 2022**
**Charleston, South Carolina**

---

[3] Although the court need not and does not fully analyze whether there was a reasonable probability that the amount-in-controversy requirement is satisfied, the court notes that plaintiff's primary argument on this issue—that she has only demanded an amount up to the policy limit of $50,000 in settlement discussions—is not dispositive. See White v. Newrez, LLC, 2022 WL 1920696, at *2 (S.D. W. Va. June 3, 2022) (declining to consider a settlement demand that fell short of the jurisdictional amount as proof that the amount in controversy is less than $75,000 because such offers routinely represent a discount from the damages plaintiffs will attempt to prove at trial).

11